**Thi Van BUI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70748.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 4, 2004.*

Decided Dec. 1, 2004.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gary S. Harrison, Harrison & Rodriguez, Temple City, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Leslie McKay, Don G. Scroggin, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Thi Van Bui ("Bui"), a native and citizen of Vietnam, petitions for review of a final opinion and order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ's") denial of his application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT").

Bui advances three arguments: (1) that the IJ erred in finding Bui ineligible for asylum on the ground that Bui was convicted of a "particularly serious crime"; (2) that the BIA erred in concluding that Bui was ineligible for asylum because he had not met his burden of proving a well-founded fear of persecution; and (3) that Bui is entitled to withholding of deportation or protection under the CAT because he established a clear probability of persecution. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we address each of Bui's contentions in turn.

First, we will not review the IJ's determination that Bui was convicted of a "particularly serious crime" because the BIA declined to reach that issue and affirmed the IJ's decision only "insofar as he determined that [Bui] failed to meet his burden of proving past persecution, a well-founded fear of future persecution, or a clear likelihood that he would either be persecuted or tortured" upon removal. *Gonzalez v. INS,* 82 F.3d 903, 907 (9th Cir.1996) ("To the extent that the BIA incorporates the IJ's decision as its own, we ... review the IJ's decision. Except to that extent, our review is confined to the decision of the BIA.") (internal citation omitted).

Second, substantial evidence supports the IJ's finding that Bui failed to establish

past persecution on a protected ground by a preponderance of the evidence. Bui only suffered a single, isolated incident of physical abuse, which the IJ found was occasioned by the government's belief that Bui had committed a crime of fraud, and not by his race, religion, nationality, political opinion, or membership in a particular social group. *See Abedini v. INS*, 971 F.2d 188, 191 (9th Cir.1992) (criminal prosecution does not constitute persecution). The IJ's factual finding is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Also, given that Bui remained in Vietnam for three years after this incident without further harm from the government, and considering both the State Department's 1998 "Profile of Asylum Claims and Country Conditions" for Vietnam and the lack of evidence showing that Bui's father held a position of prominence in the old regime sufficient to be of continuing interest to the Vietnamese Communist Party, we conclude that the record falls short of compelling the conclusion that Bui had a well-founded fear of future persecution.

Third, because Bui failed to establish eligibility for asylum, it follows that he could not satisfy the more stringent standard required for withholding of removal. *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000). Further, Bui failed to show eligibility for CAT relief; he did not show that torture was likely to occur on his return to Vietnam. *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001) (holding that a "petitioner must show that it is 'more likely than not' that he or she will be tortured . . . upon removal to a given coun-

try" in order to qualify for CAT protections).

The petition is hereby DENIED.